IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES NEWTON,

    Plaintiff,

v.                                  CASE NO. 5:15-cv-200-LC-GRJ

HORTON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections at Northwest Florida Reception Center, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order.  The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The Court's civil rights complaint form, which Plaintiff executed under penalty of perjury, requires prisoners to disclose their prior litigation history.  Plaintiff denied filing any prior cases in state or federal court dealing with the same or similar facts/issues involved in this action, or relating to the conditions of Plaintiff's confinement.  Doc. 1 at 3-4.

The Court takes judicial notice that at the time that the complaint was executed on August 5, 2015 (*see* Doc. 1), Plaintiff had filed at least eight other federal civil rights

cases in this Court.[1] Plaintiff wholly failed to identify these cases in the instant Complaint.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. See *Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984,

---

[1] *Newton v. Crutchfield*, Case No. 5:15-cv-132-MP-GRJ (filed 6/9/2015); *Newton v. Delgado*, Case No. 5:15-cv-45-RS-GRJ (filed 2/23/15); *Newton v. Lang*, Case No. 5:15-cv-185-LC-GRJ (filed July 28, 2015), *Newton v. Kane*, Case No. 5:15-cv-186-MP-GRJ (filed July 28, 2015); *Newton v. Pardon*, No. 5:15cv191/LAC/CJK, Complaint, N.D. Fla. July 29, 2015); *Newton v. Griffes*, No. 5:15cv189/MMP/EMT, Complaint (N.D. Fla. July 28, 2015); *Newton v. Luckies*, No. 5:15cv188/LAC/CJK, Complaint (N.D. Fla. July 28, 2015); *Newton v. Gay*, No. 5:15cv187/LC/EMT, (Complaint (N.D. Fla. July 28, 2015).

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Further, the allegations of the instant complaint plainly fail to state a claim upon which relief may be granted. Plaintiff alleges that Defendant Ms. Horton, the food service director at NWFRC, serves process meats to inmates and that processed meats are not appropriate food for inmates, such as Plaintiff, who have thyroid

conditions. Plaintiff alleges that by serving processed meats Defendant has "failed to comply with a rule of inmates health." Doc. 1 at 7.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff does not allege that Ms. Horton's conduct deprived him of any federal right; instead he alleges only a violation of prison regulations. A defendant's violation of a prison rule does not, of itself, rise to the level of a constitutional violation.

Liberally construing Plaintiff's allegations as asserting an Eighth Amendment challenge to Ms. Horton's alleged conduct, his allegations fail to state a plausible claim for relief. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by

conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Here, the Complaint is devoid of any allegations suggesting that Plaintiff's alleged thyroid condition amounts to a serious medical need under the Eighth Amendment. Moreover, the Complaint is devoid of any allegations showing that Ms. Horton was aware of Plaintiff's thyroid condition, knew that processed meat posed a serious risk of harm to Plaintiff, and disregarded that risk.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to Plaintiff, do not establish a constitutional violation by the only named Defendant; therefore, the court may dismiss this case without providing opportunity for amendment. Dismissal without opportunity to amend is also appropriate in view of Plaintiff's abuse of the judicial process in failing to truthfully disclose his case filing

history.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for abuse of the judicial process and for failure to state a claim upon which relief may be granted.  The dismissal should be without prejudice but the dismissal should operate as a "strike" pursuant to  28 U.S.C. § 1915(g).

**IN CHAMBERS** this 31st day of August 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.